# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

| | |
|---|---|
| SHAWN G. RUTH, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| CAROLYN W. COLVIN, Acting | *    No. 1:14CV00030-JJV |
| Commissioner, Social Security | * |
| Administration, | * |
| | * |
| Defendant. | * |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Shawn Ruth, appeals the final decision of the Commissioner of the Social Security Administration denying his claims for disability insurance benefits under Title II of the Social Security Act and for supplemental security income benefits under Title XVI of the Act. For reasons set out below, the decision of the Commissioner is AFFIRMED.

## I.    BACKGROUND

On June 27, 2011, Mr. Ruth protectively filed for benefits due to his bad back, crushed vertebra, degenerative disc disease, depression, and memory loss. (Tr. 188) His claims were denied initially and upon reconsideration. At Mr. Ruth's request, an Administrative Law Judge ("ALJ") held a hearing on February 8, 2013, where Mr. Ruth appeared with his lawyer. At the hearing, the ALJ heard testimony from Mr. Ruth and a vocational expert ("VE"). (Tr. 34-79)

The ALJ issued a decision on April 5, 2013, finding that Mr. Ruth was not disabled under the Act. (Tr. 11-28) The Appeals Council denied Mr. Ruth's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3)

Mr. Ruth, who was fifty years old at the time of the hearing, has a GED and past relevant work experience as a driver (dump truck, concrete, over-the-road, delivery), fork lift operator, and

1

front-end-loader operator. (Tr. 41, 43, 69)

## II.    DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Mr. Ruth had not engaged in substantial gainful activity since June 20, 2008, and had the following severe impairments: lumbar and cervical degenerative disc disease, obesity, and mood disorder. (Tr. 13) However, the ALJ found that Mr. Ruth did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 15)

According to the ALJ, Mr. Ruth has the residual functional capacity ("RFC") to do light work, but he can only occasionally use bilateral upper extremity to push or pull and is limited to work that is simple, routine, repetitive, and tasks where interpersonal contact is only incidental to work performed. Supervision is simple, direct, and concrete. (Tr. 18) The VE testified that jobs available with these limitations were office helper and poultry deboner. (Tr. 71) Accordingly, the ALJ determined that Mr. Ruth could perform a significant number of other jobs existing in the national economy, and found he was not disabled.

## III.   ANALYSIS

### A.     Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

substantial evidence in the record as a whole to support the decision.[3]  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

### B.   Mr. Ruth's Arguments for Reversal

Mr. Ruth asserts that the Commissioner's decision should be reversed because it is not supported by substantial evidence.  Specifically, he argues that the ALJ erroneously disregarded the opinion of Dr. Brownfield, who found that Mr. Ruth would have "severe limitations" in his ability to lift, push, pull, stoop, and be in prolonged positions.  (Doc. No. 13, Tr. 274)  At the August 2010 exam, the only findings by Dr. Brownfield that would support these restrictions was regarding some loss of range of motion in the lumbar spine.  (Tr. 272)

An ALJ may disregard a doctors's opinions when they are inconsistent or other findings are better supported.[6]  Here, the ALJ properly noted that Dr. Brownfield found "severe limitations" after making only "minimal objective findings." (Tr. 21)  For example, Mr. Ruth had negative straight leg raises, normal range of motion in the cervical spine, and no muscle weakness, muscle atrophy, or sensory abnormalities.  He had normal grip, the ability to squat or arise from a squatting position, and could walk on his heels and toes.  (Tr. 272-274)  Further supporting the ALJ's decision to minimize

---

[3] *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4] *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5] *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

[6] *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012) (citations omitted) (holding that an "ALJ may discount or even disregard the opinions of a treating physician, where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.").

Dr. Brownfield's findings is a September 2010 x-ray that showed a "normal lumbar spine." (Tr. 276) Additionally, the ALJ noted that Mr. Ruth was taking only ibuprofen for his pain and had not seen a doctor for his impairments in a couple of years. (Tr. 19, 50) According to the United States Court of Appeals for the Eighth Circuit, "[t]he absence of prescription medicine and the failure to seek medical treatment for such a long time during a claimed period of disability tends to indicate tolerable pain."[7] Finally, the ALJ properly included only the limitations that were supported by the medical records, *i.e.*, he limited Mr. Ruth to light work with only occasional bilateral pushing and pulling.

While there may be evidence that Mr. Ruth has limitations related to his impairments, the ALJ's finding that he could perform sedentary work is supported by the record.[8] "While pain may be disabling if it precludes a claimant from engaging in any form of substantial gainful activity, the mere fact that working may cause pain or discomfort does not mandate a finding of disability."[9]

## IV.   CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is sufficient evidence in the record as a whole to support the Commissioner's decision.

THEREFORE, the Court affirms the final determination of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

---

[7]*Bentley v. Shalala*, 52 F.3d 784, 787 (8th Cir. 1995).

[8]*Davis v. Apfel*, 239 F.3d 962 (8th Cir. 2001) ("We may not reverse merely because substantial evidence also exists that would support a contrary outcome, or because we would have decided the case differently.").

[9]*Jones v. Chater*, 86 F.3d 823, 826 (8th Cir. 1996).

IT IS SO ORDERED this 29th day of January, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE